Read, J.
The Supreme Court erred in affirming the judgment of the court of common pleas, because the facts offered to bo proved and ruled out would, if true, constitute a complete bar to the action.
Brown executed and delivered the note in controversy to MeKitrick, as payee, to be assigned to Willis, and take effect and become absolute when Willis should pay a specified sum of money, and perform a certain amount of labor. The payment of the money, and performance of labor by Willis, formed the consideration of the note; and Willis not having paid the money, nor performed the labor, there was a total want of consideration for the note.
The evidence ruled out by the court of common pleas did not set up a parol contract different from the written one, or in any *26 respect alter or vary it, but disclosed merely the want of consideration.
If the parol evidence went to alter tho date of tho note, by showing that it was not to take effect from tho time specified in the note itself, but from its delivery over to Willis, such evidence would bo clearly inadmissible.
The suggestion that the note was an escrow, and that the evidence proved that it was not to take effect from its date, but when it should be delivered over to Willis, on his compliance with certain terms, instead of proving want of consideration, no doubt led the court into this error.
Judgment reversed and cause remanded.